■ BENNIE W. WARREN, Respondent, v VIRGINIA JAMES et al., Defendants, and VINTAGE ABSTRACT CORP., Appellant. [700 NYS2d 729] —In an action, *inter alia,* for a judgment declaring that a deed dated May 21, 1996, conveying a parcel of real property to the defendant Virginia James is null and void, the defendant Vintage Abstract Corp. appeals from (1) an order of the Supreme Court, Queens County (Price, J.), dated February 25, 1999, which granted the plaintiff's motion for leave to enter a judgment against it upon its default in answering the complaint, and denied its cross motion for an extension of time in which to answer, (2) an order of the same court, dated April 6, 1999, which modified the order dated February 25, 1999, to the

extent of correcting the caption thereof, and (3) an order of the same court, dated April 19, 1999, which denied its motion, *inter alia*, to renew the prior motion and cross motion.

Ordered that the appeal from the order dated April 6, 1999, is dismissed, as the appellant is not aggrieved thereby (*see,* CPLR 5511); and it is further,

Ordered that the orders dated February 25, 1999, and April 19, 1999, are affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

To successfully oppose a motion for leave to enter a judgment upon a default in failing to serve an answer, a defendant must demonstrate a reasonable excuse for the delay and the existence of a meritorious defense (*see, Santiago v Siega,* 255 AD2d 306; *Pumarejo-Garcia v McDonough,* 242 AD2d 374). We agree with the Supreme Court that the appellant failed to make the requisite showing. In addition, under the circumstances, we conclude that the Supreme Court providently exercised its discretion in denying the appellant's motion to renew. Bracken, J. P., Santucci, Altman and H. Miller, JJ., concur.